IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01813-MSK-BNB

RODNEY ALLEN RUMMEL,

       Applicant,

v.

RENE GARCIA, Warden - FPC - Englewood - F.B.O.P.,

       Respondent.

---

## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

---

This matter is before me on the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** (Doc. # 1) (the "Application") filed by Rodney Allen Rummel ("Applicant"). I respectfully RECOMMEND that the Application be DENIED.

Applicant is proceeding *pro se,* and I must liberally construe his pleadings. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must allege "sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I.    Background

Applicant is a prisoner in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the Federal Correctional Institution (FCI) in Littleton, Colorado. Applicant pled guilty to conspiracy to distribute in excess of 50 grams of methamphetamine, in violation of 21 U.S.C. § 846, in the United States District Court for the District of Kansas (District of Kansas).  Answer (Doc. #16) at 2.  He was sentenced to 120 months incarceration

followed by five years of supervised release. *Id.* Through good conduct time available, he is scheduled to be released from custody on March 30, 2016. *Id.*

The Bureau of Prisons (BOP) offers the Residential Drug Abuse Treatment Program (RDAP) for inmates who volunteer for treatment and who have been determined to have a diagnosable and verifiable substance abuse disorder. *Id.* at Declaration of Deborah A. Locke (Decl.) ¶ 5. Inmates who successfully complete the RDAP may obtain early release--a reduction of their sentence for up to one year--if they were "convicted of a nonviolent offense." 18 U.S.C. § 3621(e)(2)(B). In implementing section 3621(e)(2)(B), the BOP prohibits early release for inmates "who have a current felony conviction for . . . [a]n offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another[.]" 28 C.F.R. § 550.55(b)(5)(iii). To determine whether a prisoner is eligible to participate in the RDAP, a Drug Abuse Coordinator (DAPC) conducts a clinical interview with the inmate. Answer at 2.

Applicant was interviewed by a DAPC on October 28, 2009. *Id.* After the interview, the DAPC requested that the BOP's legal department at the Designation and Sentence Computation Center (DSCC) perform a review to determine if Applicant was eligible for early release under 18 U.S.C. § 3621(e). *Id.* The DSSC conducted a review on January 1, 2010, and found that Applicant's offense of conspiracy to distribute methamphetamine disqualified him from eligibility for early release. *Id.* at 4. Specifically, the legal staff found that Applicant's offense (1) involved the possession of a firearm; (2) presented a serious potential risk of physical force against others; and (3) was a conspiracy that involved an underlying offense to commit a precluding offense. *Id.* The DSSC also noted that at Applicant's sentencing the court adopted a

two-point specific offense characteristic (SOC) enhancement for firearm possession.  *Id.*

Respondent explains that in Applicant's Pre-sentence Investigation Report, the U.S. Probation

Officer recommended the two-point SOC enhancement because members of Applicant's

conspiracy to manufacture methamphetamine possessed multiple firearms in connection with the

offense.  *Id.*

Applicant initiated this action by filing a *pro se* 28 U.S.C. § 2241 Application on July 12,

2011.  After being ordered to file a preliminary response, Respondent informed the Court that he

would not raise the affirmative defense of exhaustion of administrative remedies (Doc. # 9).  The

case was drawn to a district judge and a magistrate judge on August 22, 2011.

Applicant requests that the Court order the BOP to grant him eligibility for early release

pursuant to 18 U.S.C. § 3621(e)(2)(B).  Application at 3.  He argues that because he did not

possess, use, or carry a firearm in connected with the offense for which he was convicted, the

BOP has incorrectly classified his offense as a crime of violence.  *Id.* at 4-5.  In support of this

argument, Applicant asserts that he was "merely a member of a conspiracy where other members

were charged with firearm possession. . . .  BOP cannot use sentencing factors or enhancements

to convert a nonviolent sentence into a violent one for purposes of § 3621(e)(2)(B)."  *Id.*

Because he did not personally possess a firearm, Applicant asserts that he is being unfairly

denied eligibility for a one-year sentence reduction under 18 U.S.C. § 3621(e)(2)(B).

**II.     Legal Standard**

A section 2241 habeas proceeding is "an attack by a person in custody upon the legality

of that custody, and . . . the traditional function of the writ is to secure release from illegal

custody."  *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting

*Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).  "A motion pursuant to § 2241 generally . . .

[includes] such matters as the administration of parole, computation of a prisoner's sentence by

prison officials, prison disciplinary actions, prison transfers, type of detention and prison

conditions."  *Hernandez v. Davis*, No. 07-cv-02406-REB-MEH, 2008 WL 2955856, at *7 (D.

Colo. July 30, 1998) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)).  "A petition

under 28 U.S.C.

§ 2241 attacks the execution of a sentence rather than its validity and must be filed in the district

where the prisoner is confined."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  Here,

Applicant correctly filed the Application challenging the determination of his early release

eligibility in the District of Colorado, where he was incarcerated at the time of initial filing.

## III.    Analysis

### A.    Substantive Review of the BOP's Early Release Eligibility Determination

The Court construes the Application in part as challenging the BOP's substantive

decision to deny Applicant eligibility for early release pursuant to 18 U.S.C. § 3621(e).

Administrative Procedure Act (APA) provisions for judicial review do not apply to BOP

decisions under 18 U.S.C. § 3621.  *See* 18 U.S.C. § 3625; *see also Fristoe v. Thompson*, 144

F.3d 627, 630 (10th Cir. 1998) (finding that section 3625 precludes "reviewing the BOP's

substantive decision" in a habeas case).  Accordingly, the BOP's substantive decision denying

Applicant eligibility for early release is not reviewable by this Court.  *See* 18 U.S.C. § 3625; *see*

*also Jordan v. Wiley*, 411 Fed. Appx. 201, 2011 (10th Cir. Feb. 9, 2011) (unpublished opinion)

(holding that § 3625 precluded judicial review of "substantive BOP disciplinary determinations

involving the reduction of good-time credits").

4

**B.      Whether the BOP Has Exceeded Its Statutory Authority**

The Court also construes the Application as challenging the BOP's statutory authority to exclude inmates from early release eligibility where the sentencing court found a violation of 21 U.S.C. § 846 and adopted an SOC enhancement for a possession of a firearm within a conspiracy.

The Court can interpret section 3621(e)(2)(B) to determine whether the BOP has exceeded its statutory authority.  *Fristoe*, 144 F.3d at 630-31; *see also Lopez v. Davis*, 531 U.S. 230, 244 (2001) (determining that a BOP regulation implementing section 3621(e)(2)(B) is "permissible").  Section 3621(e)(2)(B) states, "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."  18 U.S.C. § 3621(e)(2)(B).

In *Lopez*, the categorical exclusion of inmates whose felony involved a firearm was found to be "permissible" because the BOP "reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision."  531 U.S. at 244.  The brevity of this analysis left uncertain whether the regulation categorically excluding inmates whose felony involved a firearm satisfies the APA's arbitrary and capricious standard.  *See, e.g.*, *Arrington v. Daniels*, 516 F.3d 1106, 1114 (9th Cir. 2008) (holding that the regulation was arbitrary and capricious).

However, following *Lopez*, the Tenth Circuit has repeatedly upheld the BOP's discretion under the 2000 regulations to find an inmate ineligible to be considered for a sentence reduction

pursuant to 18 U.S.C. § 3621(e)(2)(B). *See, e.g., Martin v. Rios*, 472 F.3d 1206 (10th Cir. 2007) (felon in possession of a firearm); *see also Ardry v. Rios*, 215 Fed. Appx. 776, 778 (10th Cir. Feb. 7, 2007) (unpublished opinion) (conspiracy to distribute methamphetamine with a sentence enhancement for possessing a firearm). Recently, in *Licon v. Ledezma*, 638 F.3d 1303, 1309 (10th Cir. 2011), the Tenth Circuit held that the 2000 and 2009 version of the RDAP regulations were not arbitrary and capricious, concluding that the BOP had articulated valid concerns "that offenders convicted of firearm possession charges pose special dangers." *Id.* The *Licon* court relied on "the prior versions of the rule, the related Program statements, and the position advanced by the BOP in past litigation, to discern the BOP's rationale for the 2000 and 2009 rules." *Id.* at 1309-10. The *Licon* court concluded that "public safety was the contemporaneous rationale for the 2000 rule and not merely a post hoc explanation." *Id.* at 1310.

Here, the BOP acted within its statutory authority when it concluded that an inmate who is convicted of conspiracy to distribute a controlled substance under 21 U.S.C. § 846, and who receives a sentence enhancement for possession of a firearm during the commission of the offense, is not eligible for early release under § 3621(e)(2)(B). This reasoning falls within the BOP's articulated public safety rationale for the 2009 RDAP regulations, which states that "[t]here is a significant public potential for violence from criminals who carry, possess or use firearms." Answer at Ex. A, ¶ 22 (citing U.S. Sentencing Guideline § 2D.1 com. n. 3).

However, Applicant argues that he did not actually possess a firearm in connection with the charged offense, but instead that his co-conspirators were carrying firearms. In 28 C.F.R. § 550.55(b), the BOP has determined that inmates whose current offense is a felony that involved the possession of a firearm, whose felony by its nature or conduct presents a serious

6

potential risk of physical force against the person or property of another, or who have been

convicted of conspiracy, are ineligible for a sentence reduction.  The regulation provides the

following, in pertinent part:

> (b) Inmates not eligible for early release.  As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:
>
> \* \* \*
>
> (5) Inmates who have a current felony conviction for:
>
> \* \* \*
>
> (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);
>
> (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; or
>
> \* \* \*
>
> (6) Inmates who have been convicted of an attempt, conspiracy, or other offense which involved an underlying offense listed in paragraph (b)(4) and/or (b)(5) of this section.

28 C.F.R. §§ 550.55(b)(5)(ii)-(iii), (b)(6).

BOP Program Statement 5162.05, Categorization of Offenses (PS 5162.05), is also

relevant here.  PS 5162.05 "lists offenses that in the Director's discretion shall preclude an

inmate's receiving certain Bureau program benefits," such as RDAP.  *See* Answer at Ex. A,

Attach. 3, § 1.  Section 4(b) of PS 5162.05 precludes inmates convicted of a criminal offense

with a specific offense characteristic enhancement from receiving the discretionary sentence-

reduction benefit offered pursuant to RDAP.  *Id.* at § 4(b).  In addition, section 4(d) covers

conspiracy, attempt and other offenses which involve an underlying offense.  *Id.* at § 4(d).  PS

5162.05 explains that when the crime of conviction is a conspiracy, the BOP must review the

underlying offense, and if that offense would preclude the inmate from receiving the

discretionary sentence reduction pursuant to RDAP, the inmate will not receive the benefit:

7

> In reviewing these types of offenses, it is necessary to examine the "underlying offense" (what the defendant was conspiring to do or attempting to do). If the underlying offense would preclude the inmate from receiving certain Bureau program benefits based on any of the portions of Section 4 of this policy, the conspiracy or attempt offense shall also preclude the inmate from receiving the same benefits. The underlying offense will be included in the [presentence investigation report] and may be noted on the [judgment and conviction order].

*Id.*

PS 5162.05 also explains that the U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) allows for increasing the offense base level by two points "[i]f a dangerous weapon (including a firearm) was possessed." *Id.* Further, to determine the base offense level, the sentencing court must consider "in the case of a jointly undertaken criminal activity . . . all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertake criminal activity that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection for that offense." U.S. Sentencing Guideline Manual § 1B1.3(a)(1)(B. Therefore, the Sentencing Guidelines provide that "a co-conspirator is responsible for the criminal activity that he agreed to jointly undertake, and the reasonably foreseeable conduct of others in furtherance of that criminal activity, even if those activities are not identical." U.S. Sentencing Guideline Manual § 1B1.3 cmt. n. 2.

Although Applicant argues that he should not be precluded from early release as a result of the firearms possessed by his co-defendants/co-conspirators because his offense did not involve violence, United States Sentencing Guideline §1B1.3(a)(1)(B) holds co-conspirators accountable for relevant conduct that occurs during the course of the conspiracy that is reasonably foreseeable as a result of the conspiracy. The U.S. Sentencing Guidelines explain that "the enhancement for weapon possession reflects the increased danger of violence when

8

drug traffickers possess weapons." U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n.3. Therefore, an inmate, like Applicant, who was convicted of an offense listed in § 4.b of PS 5162.05 and "who . . . received a two-level enhancement for possession of a firearm has been convicted of an offense that will preclude the inmate from receiving certain Bureau program benefits," which include early release under 18 U.S.C. § 3621(e)(2)(B). *See* Application at Attach. 3. For these reasons, 28 C.F.R. § 550.55(b)(5)(ii)-(iii) and (b)(6) and PS 5162.05 § 4.d. are not arbitrary and capricious under the APA.

Considering all of the above, the BOP has not exceeded its statutory authority by implementing the regulation and the program statement which preclude Applicant from early release eligibility. Therefore, Applicant's federal sentence has not been executed unlawfully, and he is not entitled to habeas relief on this issue.

### C.      Due Process Challenge

The Application can also be read as asserting a claim for a due process violation. Due process is guaranteed "only when a person is to be deprived of life, liberty, or property." *Chambers v. Colo. Dep't of Corr.*, 205 F.3d 1237, 1242 (10th Cir. 2000) (quotation marks and citation omitted). To assert a due process claim, one must prove two elements: "that he possessed a constitutionally protected liberty or property interest such that the due process protections were applicable, and that he was not afforded an appropriate level of process." *Zwygart v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 483 F.3d 1086, 1093 (10th Cir. 2007) (internal quotations and citation omitted). Neither the Constitution nor section 3621(e)(2)(B) create a liberty interest in a reduced sentence. *Fristoe*, 144 F.3d at 630; *see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (holding that "[t]here is no

constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence").   Accordingly, as *Fristoe* forecloses the possibility of having a liberty interest in early release and Applicant plainly does not have a property interest in early release, Applicant's due process challenge does not entitle him to habeas relief.

## IV.     Evidentiary Hearing

The issues presented in the Application exclusively concern issues of law, with the general facts necessary to determine those issues not in dispute and already contained in the record.   Accordingly, an evidentiary hearing is not required.   *See generally*, 28 U.S.C. § 2243 (when entertaining an application for habeas corpus, a court must hold a hearing at which the applicant is present, unless the writ and return present only issues of law).

I respectfully RECOMMEND that the Application be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.   A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).   A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.   *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 31, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge